**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RODNEY N. MCCAULEY,** | ) | **8:14CV414** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **KENT ENGELHARDT,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on December 22, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Kent Engelhardt. Engelhardt is only mentioned in the caption of Plaintiff's Complaint. Plaintiff's allegations, in their entirety, are as follows:

> [On 12-9-4,] between the hours of 8:00-9:00 AM before class went to speak with the Patient Advocate about getting some dentures. Because I've received some dentures in the past. When Sandra Miller came here on Tuesday it reminded me what she mentioned to me while I was in Lincoln. She stated that in order to receive my dentures I would have to be in some type of program in order to receive my Dentures. To make things short, I receive a ticket. I would to [sic] have this issue resolved without having to appear in court.

(Filing No. 1 at ECF 2.) Plaintiff seeks "Monetary Relief" in this matter. (*Id.* at ECF 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

Here, the Court cannot determine with any certainty Plaintiff's basis for suing Defendant.  On the Court's own motion, Plaintiff will be given 30 days to file an amended

2

complaint that sufficiently describes his claims against Defendant. Plaintiff should be mindful to explain what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal right Plaintiff believes Defendant violated. If Plaintiff fails to file an amended complaint in accordance with this order, Plaintiff's claims against Defendant will be dismissed without prejudice and without further notice. Accordingly,

IT IS ORDERED:

1. Plaintiff will have 30 days to file an amended complaint that clearly states a claim upon which relief may be granted against Defendant in accordance with this order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on April 24, 2015.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this order.

DATED this 20th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge